IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN RAY )
WHEELER ) No. 18-1709
    v.

ANDREW SAUL,[1]
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for disability insurance benefits, alleging disability due to mental and physical impairments. His application was denied initially, and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

---

[1] Andrew Saul, the Commissioner of Social Security, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ failed to adequately deal with the opinion of Plaintiff's treating physician, Dr. Steinman. Dr Steinman opined that Plaintiff could frequently lift up to ten pounds, occasionally lift between 6 and 10 pounds, and never lift 11 pounds or more.

The ALJ gave Dr. Steinman's opinion "partial weight." In so doing, the ALJ stated as follows:

> I afford partial weight…to the assessment of Dr. Steinman, who…found the claimant could lift up to ten pounds….While Dr. Steinman's limitations are consistent with the medical record, the record does not substantiate limitations relative to walking or standing.

The non-examining consultant also opined as to Plaintiff's ability to lift. In that regard, the ALJ stated as follows:

> I afford partial weight to the assessment of State Agency physical consultant Dr. Mari-Mayans, who found the claimant, could lift and carry 20 pounds occasionally and 10 pounds frequently….While Dr. Mari-Mayans did not examine the claimant or the completed medical record, these findings are generally consistent with the longitudinal treatment record.

"Partial weight" suggests granting some degree of weight to one part, and rejecting or granting a lesser degree of weight to another. The ALJ specifically rejected only Dr. Steinman's opinion regarding walking and standing; the remaining opinions, including regarding lifting, were deemed consistent with the record. Thus, the ALJ appeared to afford weight to Dr. Steinman's limitation of 10 pounds, and also Dr. Mari-Mayans' conflicting limitation of 20 pounds. The RFC specifies no limitations regarding lifting, but limits Plaintiff to "light work as defined in 404.1567(b) and 416.967(b)." According to those regulations, light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds." The ALJ cited to no other opinion of record regarding Plaintiff's ability to lift.

If the ALJ intended to reject that aspect of Dr. Steinman's, he must explain his reasoning. "Otherwise, this Court is faced with the task of reviewing the ALJ's summary of the medical evidence and applying it to the ALJ's findings in a post-hoc fashion in order to construct what may have been the ALJ's reasoning. Such retroactive speculation is not permitted." Moore v. Berryhill, No. 2:17-01391, 2018 U.S. Dist. LEXIS 26235, at *27 (S.D. W. Va. Jan. 24, 2018).

3

Defendant acknowledges the ALJ's lack of explanation, but points to the lack of limitations due to Plaintiff's cardiac condition, on which Dr. Steinman purportedly based her limitations.[2] Further, Defendant points to references to Plaintiff lifting "heavy weights." I note that Defendant's arguments, would apply to other accepted medical opinions of record that were apparently accepted, and not just Dr. Steinman's. Again, however, this Court can only judge the propriety of the decision based on the grounds invoked by the Commissioner when the decision was rendered; post-hoc rationales are not appropriately considered. Palmer, 995 F.Supp. at 552.

I note, too, that when counsel questioned the vocational expert ("VE"), adding additional limitations including Dr. Steinman's lifting limitation, the VE responded that there would be jobs available at the sedentary level. There were no jobs that could be performed only when counsel added additional limitations. However, the VE did not testify regarding the number of such sedentary positions; thus, there can be no assessment of whether they existed in sufficient numbers, as required. The error may well prove harmless, but the pertinent considerations are within the province of the ALJ.

Plaintiff also contends that the ALJ made similar errors with respect to the opinions of his treating mental health providers, Dr. Urrea and therapist Kleppner, which the ALJ assigned little weight. She complains that the ALJ did not identify them as treating sources, did not recognize that they were the only examining sources, and that the opinions were inconsistent with other parts of the record. Plaintiff also complains that the ALJ gave partial weight to psychological consultant's opinion, because the consultant did not have access to the complete record. "[The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding.... Substantial evidence could support both

---

[2] In particular, Defendant refers to Plaintiff's classification as Class I. According to the American Heart Association, Class I refers to the following: "Patients with cardiac disease but without resulting limitation of physical activity. Ordinary physical activity does not cause undue fatigue, palpitation, dyspnea, or anginal pain." www.heart.org.

4

Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance." Weidow v. Colvin, No. 15-765, 2016 U.S. Dist. LEXIS 139683, at *57 (M.D. Pa. Oct. 7, 2016) (citations omitted). Having carefully considered the ALJ's approach to Plaintiff's mental health providers, I find no error.

## CONCLUSION

For the foregoing reasons, this matter will be remanded so that the ALJ can consider, reconsider, or explain his conclusions regarding the medical opinion about Plaintiff's functional capacity to lift. The ALJ may conduct any proceedings deemed appropriate on remand. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta F. Ambrose_

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: January 31, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN RAY WHEELER<br>    v.<br><br>ANDREW SAUL,<br>COMMISSIONER OF SOCIAL SECURITY | ) No. 18-1709 |

## ORDER

AND NOW, this 31st day of January, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

                                        BY THE COURT:

                                        */s/ Donetta W. Ambrose*
                                        _____

                                        Donetta W. Ambrose
                                        Senior Judge, U.S. District Court